**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50241 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00045-SVW |
| v. | |
| RAMIRO CHAVEZ-PULIDO, a.k.a. Ramiro Junior Chavez, a.k.a. Ramiro Pulido Chavez, a.k.a. Roberto Chavez, a.k.a. Stock, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Ramiro Chavez-Pulido appeals from the district court's judgment and

challenges the 30-month sentence imposed following his guilty-plea conviction for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Chavez-Pulido contends that the district court procedurally erred at sentencing by failing to calculate the Guidelines range for his custodial sentence and supervised release term, to explain the sentence, to address his mitigating arguments, and to explain why a term of supervised release was warranted in light of U.S.S.G. § 5D1.1(c). Because defendant did not make any procedural objections in the district court, we review for plain error. *See United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008). We find none. Chavez-Pulido has not shown a reasonable probability that he would have received a different sentence absent the alleged errors. *See id.* at 553.

Chavez-Pulido also contends that his sentence is substantively unreasonable in light of his demonstrated rehabilitation. The district court did not abuse its discretion in imposing Chavez-Pulido's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Chavez-Pulido's criminal history. *See id.*; *see also* U.S.S.G. § 5D1.1 cmt. n. 5 (district court should consider imposing term of supervised release on deportable

alien if it determines supervised release would provide an added measure of deterrence and protection).

**AFFIRMED.**

12-50241